**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

LEONARDO ESPINOSA,

    Plaintiff,

v.

OMAR CONTRACTORS INC.,
a Florida corporation, and
JORGE CALEVOSO, individually.

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LEONARDO ESPINOSA ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, OMAR CONTRACTORS INC., ("OCI"), and JORGE CALEVOSO ("JORGE"), individually, (hereinafter collectively referred to as "Defendants"), on behalf of himself and all others similarly situated, and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, OCI, was a Florida for profit corporation located and transacting business within Parkland, Florida, within the jurisdiction of this Honorable Court. OCI is headquartered and operates its principal location at 5810 NW 96th Drive, Parkland, Florida 33076.

4. Defendant, OCI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, JORGE, was a resident of the Southern District of Florida, and was Manager and Director of the corporate defendant within Parkland, Florida.

6. During all times material hereto, Defendant, JORGE, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, OCI, during the relevant time period.

7. During all times material hereto, Defendant, JORGE, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

8. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, OCI, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, OCI, is a painting company that provides its services to residential and commercial customers throughout the State of Florida since in or around December 2000.

## FLSA COVERAGE

12. Defendant, OCI, is covered under the FLSA through enterprise coverage, as OCI was engaged in interstate commerce during Plaintiff's employment period.  More specifically, OCI's business and Plaintiff's work for OCI affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, TPC, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

13. During his employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, paint brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, residential and industrial primers, rollers, paint sprayers, extension poles for paint rollers, paint trays, pencils, pens, paper and tape.

14. Defendant, OCI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, OCI an enterprise covered by the FLSA.

15. Upon information and belief, Defendant, OCI, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, OCI and JORGE, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

17. Plaintiff began working for Defendants on or about April 2019, and continued to do so until about November 27, 2019.

18. During all times periods pertinent to this Complaint, Plaintiff performed labor for Defendants as a painter.

19. Plaintiff worked an average of sixty (60) hours per week throughout his employment with Defendants

20. Plaintiff was an hourly employee whose regular hourly rate was fifteen dollars ($15.00) per hour.

## INDIVIDUAL EMPLOYER LIABILITY

21. During pertinent times to Plaintiff's employment, Defendant, JORGE, oversaw the day-to-day operations of OCI and instructed Plaintiff and other employees on their duties and responsibilities.  Defendant, JORGE, also controlled the payroll practices and policies of the company.

22. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

23. Defendants refused to pay Plaintiff proper compensation for overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

24. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

25. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 24 as though set forth fully herein.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

27. During the time period relevant to this lawsuit, Plaintiff worked an average of sixty (60) hours per week, for which he was not properly compensated.

28. Instead of paying Plaintiff time-and-one-half his regular hourly rate for hours worked above forty (40) per week, Defendants only paid Plaintiff straight time.

29. Plaintiff therefore claims the half-time rate for each hour worked in excess of forty (40) per week.

30. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

31. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

32. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

33. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LEONARDO ESPINOSA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, OMAR CONTRACTORS INC., and JORGE CALEVOSO, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LEONARDO ESPINOSA, requests and demands a trial by jury on all appropriate claims.

**Dated this 14th day of January 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Leonardo Espinosa*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 14, 2020.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**